IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          CR No. 25-CR-2209-MLG

LOUIS A. HENCKEL, III,

        Defendant.

## RESPONSE TO THE UNITED STATES' OPPOSED MOTION FOR NON-DISCLOSURE ORDER

COMES NOW the Defendant, LOUIS A. HENCKEL, III, by and through his counsel of record, ELIZABETH A. HONCE, ESQ., and hereby responds to the Plaintiff's Opposed Motion for Non-Disclosure Order, as follows:

1.      The Court has jurisdiction over the parties and the subject matter.

2.      The Plaintiff asserts that under Rule 16(d)(1), they should be entitled to a protective order and sealing of all information that they intend to disclose to Defendant, to prohibit Defendant from disseminating materials or disclosing the identity of cooperating witnesses; to prohibit Defendant from disclosing a confidential source, or improperly disseminating materials which contain personally identifiable information; prohibiting the Defendant from misusing the discovery for illegal purposes, to include electronically stored data.

3.      Under Rule 16(d)(1), the Plaintiff needs to show good cause for denying, restricting, or deferring discovery, inspection, or the Court may grant other appropriate relief.

4.      Defendant does not intend to divulge or disseminate any materials provided to him in discovery, whether in paper or electronic form; however, Defendant asserts that the Plaintiff's requesting a broad order to seal all the discovery is over-broad, and that the Plaintiff's concerns should be addressed through less-drastic means.

5. Defendant asserts that the Plaintiff's concerns could be addressed by redacting names and addresses of cooperating witnesses.

6. This case arose out of a conspiracy involving Mr. Tom Clear and his paralegal, Rick Mendez, agreeing with multiple police officers to commit these crimes over a period of many years.  It is a terrible reflection upon the police department(s) involved as well as the legal profession.

7. Defendant is willing to accept the penalty for his part in the conspiracy; however, Defendant also believes that the best disinfectant is sunlight and that the Court should grant other appropriate relief instead of just a broad protective order sealing all the information.

8. One of the concerns of Defendant is that Defendant's counsel has spoken with a reporter with the Albuquerque Journal who informed her on a different federal case, that the U.S. Attorney's office regularly calls this reporter and gives him scoops and other information.  Defendant is concerned that he could be accused of violating a broad protective order if Plaintiff intentionally or inadvertently gives information to the press and then blames Defendant.

9. Defendant notes that on the day he accepted the plea agreement, a story appeared on television and in the press immediately thereafter, and he did not inform the press nor did his counsel, yet someone did.

10. Defendant would request that if the Court enter an order prohibiting Defendant from disseminating information, that the Plaintiff be prohibited, as well, from disseminating same.  However, Defendant would request that the discovery not be redacted, not sealed, as Defendant believes that it should serve as a deterrent to such conduct by attorneys and law enforcement officers in the future.

WHEREFORE, the Defendant prays this Court to deny the Plaintiff's motion and that the Court should grant other, appropriate relief as the Court deems just and equitable.

Respectfully submitted,

*Elizabeth A. Honce, Esq.*
_____
ELIZABETH A. HONCE, ESQ.
Attorney for Defendant Henckel
7800 Phoenix NE, Suite C
Albuquerque, NM  87110
(505) 410-3861
ehoncelawyer@yahoo.com


I hereby certify that on February 27, 2026,
I filed the foregoing pleading electronically
through the CM/ECF system, and that a true
and correct copy of the same was delivered to
counsel for Plaintiff via email.

*Elizabeth A. Honce, Esq.*
_____
ELIZABETH A. HONCE, ESQ.